933 F.2d 1007
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Harry BOUT, Plaintiff-Appellant,
v.
MICHIGAN DEPARTMENT OF CORRECTIONS, et al., Defendants-Appellees.
 No. 89-2358.
 United States Court of Appeals, Sixth Circuit.
 May 17, 1991.
 
 Before RALPH B. GUY, Jr. and DAVID A. NELSON, Circuit Judges, and CELEBREZZE, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Plaintiff, Harry Bout, a Michigan prison inmate, filed a 42 U.S.C. Sec. 1983 pro se complaint, which alleged deliberate indifference to his dental needs. The complaint named the Michigan Department of Corrections, six prison administrators, and three "John Doe" dentists at three different Michigan prison facilities.
 
 
 2
 The district judge, before authorizing service of process,[1] requested a report from the Department of Corrections. A report was filed by Dr. Dean R. Rieger, the medical director at the Huron Valley Mens Facility.[2] Bout received a copy of this report and filed an affidavit in which he challenged some of the statements made by Dr. Rieger. After reviewing the report and plaintiff's affidavit, the district judge dismissed the case as frivolous. 28 U.S.C. Sec. 1915(d).
 
 
 3
 Upon a review of the limited record, we affirm, but not on the basis of the claim being frivolous.
 
 
 4
 Prisoner litigation represents approximately 30 percent[3] of the civil litigation filed in this circuit. The vast majority of the cases are filed pro se and in forma pauperis. Most of the cases are meritless and a significant percentage are indeed frivolous. There also are some very legitimate cases filed, and the challenge to both the district courts and our court is to find a way to distinguish between the good and bad cases as accurately, expeditiously, efficiently, and inexpensively as possible. The expense considerations extend far beyond the courts, since it is very expensive for defendant governmental units to defend even a frivolous case. Monetary sanctions or cost awards are obviously meaningless when assessed against in forma pauperis plaintiffs.
 
 
 5
 Title 28 U.S.C. section 1915(d) allows district courts to dismiss a complaint if "satisfied that the action is frivolous...." Such a dismissal may occur prior to the defendant being served. In deciding whether a case is frivolous, a court must view the pro se pleadings indulgently. Haines v. Kerner, 404 U.S. 519 (1972).
 
 
 6
 Given the volume of pro se prisoner litigation, it is not surprising that district courts resort to section 1915(d) with some frequency. They do so against the backdrop of the recent Supreme Court pronouncement relative to section 1915(d):
 
 
 7
 [T]he statute accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless....
 
 
 8
 Neitzke v. Williams, 490 U.S. 319, 327 (1989).
 
 
 9
 The Supreme Court concluded its opinion in Neitzke by stating that "a complaint filed in forma pauperis is not automatically frivolous within the meaning of Sec. 1915(d) because it fails to state a claim." Id. at 331.
 
 
 10
 What we do with this case on appeal depends largely on how we choose to read Neitzke. The complaint as filed articulated a recognized legal theory, i.e., deliberate indifference to the medical needs of a prison inmate. The factual allegations on their face were not "clearly baseless" if we look to the example given by the Supreme Court in Neitzke: "Examples of the latter class [clearly baseless factual allegations] are claims describing fantastic or delusional scenarios...." Id. at 328. Thus, we could take the easy way out and remand this case to the district court. To do so, however, would be to gloss over just what the district court did in the handling of this case. Arguably, this is a sua sponte dismissal for a failure to state a claim, rather than a dismissal of a frivolous complaint.
 
 
 11
 If the district judge had authorized service in this case, the state defendants would have responded with a motion to dismiss or an answer combined with a motion to dismiss. About that there can be no doubt. The answer or motion, following normal pleading dictates, would have been filled with legalese pointing out any alleged defects in the complaint and setting forth whatever defenses were deemed appropriate.[4] Instead of following the usual practice, the district judge "cut to the chase" and asked for the State to give him a report on what actually happened. The report was to be prepared by a person with actual knowledge of what occurred. In our opinion, this was tantamount to requiring the State to answer. Bout filed a response, by way of affidavit, to the report filed by the State.
 
 
 12
 Under the circumstances presented here, we review the action taken by the district court de novo. In the course of our de novo review, we are free to affirm for reasons different than those relied upon by the district court. Herm v. Stafford, 663 F.2d 669, 684 (6th Cir.1981).
 
 
 13
 It is our conclusion that when the response of the State is read, crediting all of Bout's claims as to factual errors in the report, Bout, at most, has alleged a claim for negligence as to the State administrative defendants and for malpractice as against the John Doe dentist defendants.[5]
 
 
 14
 It is, of course, black letter law in these eighth amendment cases that negligence or malpractice will not support a section 1983 claim. Westlake v. Lucas, 537 F.2d 857, 860 (1976).
 
 
 15
 AFFIRMED.
 
 
 
 [1]
 Bout was proceeding in forma pauperis
 
 
 [2]
 The district court characterized Dr. Rieger as the Medical Director for the Department of Corrections. Bout disputes this, and we are inclined to favor Bout's firsthand knowledge on this issue
 
 
 [3]
 In 1990, prisoner litigation accounted for 30.5 percent of our appeal docket
 
 
 [4]
 It is clear that some of the defendants have no connection with this case and are not proper party defendants. Although the pro se complaint does not give the title of all the named defendants, we can judicially notice their positions in the Department of Corrections
 
 
 [5]
 We obviously pass no judgment on the merits of either of these theories